## THE UNITED STATES, APPELLANTS V. NATHANIEL COX.

No appeal lies from the decree of a district judge of the United States, on a petition presented by the defendant under the second section of the "act providing for the better organization of the treasury department," where an order had issued by the solicitor of the treasury to the marshal of the United States; and the property of an alleged debtor, the petitioner, had been seized and was about to be sold to satisfy the alleged debt. No appeal by the government is authorized by the act, and the general law giving appeals does not embrace the case.

The law is the same where an appeal was taken from the district judge to the circuit court, and an appeal taken thence to the Supreme Court; and where an appeal was taken to the Supreme Court, from the district judge of Louisiana, having the powers of a circuit court.

The case of the United States v. Nourse, cited and confirmed.

The act of congress gives to the district judge a special jurisdiction, which he may exercise at his discretion, while holding the district court, or at any other time. Ordinarily, as district judge, he has no chancery powers; but in proceeding under this statute he is governed by the rules of chancery, which apply to injunctions, except as to the answer of the government.

APPEAL from the district court of the United States for the eastern district of Louisiana.

On the 18th of September, 1833, Cox, the defendant in error, applied, by petition, to the judge of the district court of the United States for the eastern district of Louisiana, for an injunction to forbid all further proceedings on a warrant, then in the hands of the marshal, issued by the solicitor of the treasury, under the act of the 15th of May, 1830, and by which the marshal was directed to levy and collect the sum of 4,163 dollars 50 cents, then appearing to be due from said Cox, as a re 'ver of public moneys at New Orleans, to the United States. The petitioner alleged that he was not indebted to the United States, but that they were indebted to him in certain amounts which should be set off or compensated, against the balance claimed under the warrant; and which being allowed, would leave a balance due him from the United States, of 4,510 dollars 37 cents. He therefore prayed that an injunction might be granted; that the amount claimed by the warrant be declared satisfied and compensated; that the cause be tried by a jury; and that he have all other and further relief to which he may be entitled.

[United States v. Cox.]

Security being given, the injunction was issued as prayed for: a citation was issued to the marshal, and on affidavit of Cox, the cause was continued until the 6th of March, 1835; when the court ordered the district attorney to show cause, on the first day of the next term, why the facts arising in the case should not be tried by a jury. This rule having been argued, was subsequently made absolute by the court; and it was referred to a jury to settle whether Nathaniel Cox be entitled to the credits claimed in his petition or any of them.

On the 9th of January, 1836, the cause was tried by a jury, who found that Cox was not indebted to the United States; but that on the contrary, the United States were indebted to him in the sum of 1,559 dollars 64 cents. The court thereupon made the injunction perpetual, and certified that the United States are indebted to the said Nathaniel Cox in the sum of 1,559 dollars 64 cents.

The United States, on the trial, took three several exceptions:

1. Before the jury were all sworn, the district attorney objected to the swearing of the jury at all; that the case was one of chancery jurisdiction; that no issue had been directed by the court to ascertain any particular fact; and that if the cause were submitted to the jury under the rule of the 6th of March, 1835, the entire cause should be submitted as one of common law jurisdiction. The objections were overruled, and the jury sworn as usual in common law cases.

2. The defendant claimed to be credited with the amount of certain orders, bills, and checks, issued by one Wilkinson, a purser in the navy, held by the defendant, Cox, and specified in the document exhibited and stated in the record; to which the district attorney objected, and prayed the court to instruct the jury that the defendant, as navy agent, was not authorized by law to pay the sums specified in the several vouchers, nor to buy such vouchers, and present the same against any sum due from him to the United States. The court refused this instruction; but charged the jury that in point of strict law, the vouchers relied on, could not be received: but if they should be of opinion that they presented equitable set-offs, they might allow them.

3. The defendant offered in evidence a certain schedule, and certain vouchers, in order to establish an offset of 1,433 dollars 12 cents; and to show that the vouchers had been disallowed at the treasury before the commencement of the suit, introduced certain depositions, to the introduction of which the district attorney objected, on the ground that said depositions are not legal or sufficient proof of the

presentation to, or disallowing of said documents, by the proper accounting officer of the treasury. The court overruled the objection, and the documents were permitted to go to the jury, who allowed them to the defendant.

The case was argued by Mr. Butler, attorney-general, for the United States. No counsel appeared for the appellee.

Mr. Butler insisted that this Court has jurisdiction of the case; that the decisions of the court below, on the points presented, were erroneous; and that the decree or judgment should be revised.

As to the jurisdiction of the Court:

A case similar to this was brought before this Court at January term, 1833, by appeal; United States v. Nourse, 6 Peters, 270. That case shows that no appeal can be taken from the decision of the district judge, in a case of a proceeding by a distress warrant issued by order of the treasury department, under the second section of the act of congress passed May 5th, 1820, entitled "an act for the better organization of the treasury department." The decision of the Court in that case, does not entirely dispose of the case now before the Court.

In the case of Nourse, the proceeding was before the district judge, and the whole question was disposed of by him, and was within his jurisdiction. In this case, although the application was made to the district judge of Louisiana, he has the jurisdiction of a circuit court of the United States. One of the arguments in that case was, that it was a proceeding of chancery jurisdiction; and this Court said that no provision is made for an appeal from the district judge to the circuit court, in such a case. But appeals are given from the district court acting as a circuit court; and appeals in chancery or equity cases are authorized by the laws establishing the court. This was a case of chancery jurisdiction. At the time it was heard by the district judge, it was believed by him that he had no chancery powers, and he therefore sent the case to a jury. The terms of the law under which the district judge acted, show that the case is one of chancery proceedings. A court of equity may refer questions of fact to a jury, to assist the conscience of the judge.

In this case the judge proceeded to leave the case to the jury, without exercising his conscience.

[United States v. Cox.]

As to the other points in the case, the attorney-general referred to 9 Peters, 172; The United States v. Hawkins, 10 Peters, 125.

If the Court comes to the decision that the proceedings before the district judge are not conclusive; a rule is asked for a mandamus to the district judge to vacate the rule referring the case to a jury, and that he proceed to adjudge the case. The duty is specially imposed on the district judge.

The mandamus may issue under the provisions of the 60th section of the judiciary act of 1789, 2 Laws U. S. 62. In the case of Wilson's heir, 8 Peters, 291, all the cases of mandamus were examined.

Mr. Justice M'LEAN delivered the opinion of the Court.

This case is brought before this Court, by writ of error from the district court for the eastern district of Louisiana.

The defendant, Nathaniel Cox, represented by petition to the district judge, that by virtue of an order issued by the solicitor of the treasury to the marshal, his property had been seized and was about to be sold to satisfy a balance exceeding 4000 dollars, claimed to be due the government from the petitioner, as late receiver of public moneys. And the petitioner represented that he was not indebted to the government. An injunction was allowed by the judge, on security being given.

After various steps were taken, some of which were clearly irregular, a final decree was entered, which made the injunction perpetual. Exceptions in the course of the proceedings, were taken by the counsel for the government; and the points thus raised are attempted to be brought before the Court by writ of error.

The treasury order or warrant stated in the petition, was issued under the second section of the act " providing for the better organization of the treasury department," passed the 15th day of May, 1820. The injunction was allowed under the fourth section of that act. The fifth section provides that the injunction may be allowed or dissolved by the judge, either in or out of court; and in the ninth section it is provided, if the district judge shall refuse to grant the injunction, or shall dissolve it, after it has been allowed, an appeal in behalf of the party aggrieved, may be allowed by a judge of the Supreme Court.

The case of the United States v. Nourse, 6 Peters, 470, was very similar to the one under consideration. In that case, after a full in-

[United States v. Cox.]

vestigation, this Court decided, that no appeal by the government was authorized by the act; and that the general law giving appeals did not embrace the case.

It is suggested that some distinction may be drawn between the two cases. That in the case of Nourse the proceeding was first had before the district judge, from whose decree an appeal was taken to the circuit court, where the decree of the district judge was affirmed, and from which affirmance an appeal was made to this Court. That in the case under examination an appeal is taken from the decree of the district judge.

The act referred to gives to the district judge a special jurisdiction, which he may exercise at his discretion; while holding the district court, or at any other time. Ordinarily, as district judge, he has no chancery powers; but in proceeding under this statute he is governed by the rules of chancery, which apply to injunctions, except no answer to the bill is required by the government.

As no appeal is given to the government in the statute, by writ of error or otherwise, either to the circuit or the Supreme Court; the decree of the district judge in favour of the defendant, must be held final.

We think the general law allowing appeals cannot be so construed as to enable this Court, by appeal or writ of error, to revise the proceedings of the district judge under this statute. The views of this Court in the case of Nourse apply to this case; and it is unnecessary to repeat them.

The case must be dismissed for want of jurisdiction.


On appeal from the district court of the United States for the eastern district of Louisiana. This cause came on to be heard on the transcript of the record from the district court of the United States for the eastern district of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged and decreed by this Court, that this appeal be, and the same is hereby dismissed, for the want of jurisdiction.